# IN THE UNITED STATES DISTRICT COURT
# FOR THE NORTHERN DISTRICT OF ALABAMA
# SOUTHERN DIVISION

| | |
|---|---|
| TONEY HALL, ) | |
| ) | |
| Plaintiff, ) | |
| ) | CIVIL ACTION NUMBER: |
| v. ) | |
| ) | |
| UNITED TOWING AND ) | JURY TRIAL DEMANDED |
| TRANSPORT, INC., ) | |
| ) | |
| Defendant. | |

## COMPLAINT

COMES NOW, Plaintiff Toney Hall (hereinafter "Plaintiff" or "Mr. Hall"), by and through his undersigned counsel, and hereby makes this complaint against Defendant United Towing and Transport (referred to as "the Company", "United Towing and Transport, or simply "Defendant") for violations of federal law. As grounds for this Complaint, Plaintiff states as follows:

## JURISDICTION AND VENUE

1. This is a complaint for legal and equitable relief to redress violations by United Towing and Transport of the Plaintiff's rights secured by Title VII of the Civil Rights Act of 1964, ("Title VII") and 42 U.S.C. § 1981.

2. Federal subject matter jurisdiction exist pursuant to: 28 U.S.C. § 1331 (federal question), 28 U.S.C. § 1343 (a)(3) (civil rights); and 42 U.S.C. § 2000e-5(f)(3) (Title VII).

3. Venue in this District is proper pursuant to: 28 U.S.C. § 1391(b)(2) and 42 U.S.C. § 2000e-5(f)(3).

## PARTIES

4. Plaintiff is an African American male over the age of nineteen (19) and a resident of Coosa County Alabama.

5. Defendant United Towing and Transport is a Jefferson County based corporation that operates in the Northern District of Alabama. The Defendant was Plaintiff's "employer" for the purpose of the applicable statutes and has more than fifteen (15) employees.

## NATURE OF ACTION

6. Plaintiff brings this action to redress unlawful practices and acts of intentional retaliation which Plaintiff's former employer, United Towing and Transport, committed.

7. This lawsuit seeks to redress grievances resulting from actions of Defendants, its agents, servants, and employees with respect to Plaintiff's employment and otherwise.

## ADMINISTRATIVE PROCEDURES

8. On April 20, 2022, Plaintiff filed EEOC Charge No. 420-2022-01798. Plaintiff filed this charge within 180 days of the discriminatory acts described therein, this charge was therefore timely filed.

9. On January 13, 2023, the EEOC issued a Notice of Right to Sue in this charge. Plaintiff filed this action within 90 days of his receipt of this Notice, this action is therefore timely filed.

## STATEMENT OF FACTS

10. Plaintiff Toney Hall (African American) worked as a tow truckdriver with Defendant in their Vestavia, Alabama location.

11. Soon after he began work, Plaintiff became concerned that Defendant often allowed white employees to take more breaks, leave work early, and receive fewer calls.

12. On February 26, 2022, Plaintiff's supervisor, John Thornton (Caucasian), assigned Plaintiff twelve (12) different calls to complete while allowing Plaintiff's co-worker, Charlie (LNU, Caucasian), to go home because there "was not enough work".

13. That same day, Plaintiff reported his concerns regarding racial disparities to Thornton, telling Thornton about the Company's differential treatment between white and black employees.

14. Thornton brushed of Plaintiff's concerns and did nothing to fix this difference in treatment.

15. On February 28, 2022, Plaintiff was involved in a vehicular accident that damaged the bumper of his tow truck.

16. Plaintiff reported this incident to Thornton and provided a written statement giving the complete details.

17. A video recording of this incident was taken. This recording confirmed what Plaintiff told Thornton and what Plaintiff detailed in his report.

18. Thornton instructed Plaintiff to work until the end of the day like Plaintiff normally would.

19. Steve Wilson (Caucasian) terminated Plaintiff at the end of the workday.

20. This incident was Plaintiff's first vehicular accident while employed with Defendant.

21. Incidents of this nature were not considered terminable offenses. White co-workers who were similarly situated to Plaintiff had been involved in accidents similar to Plaintiff's and were not terminated.

22. Employees who have not made complaints of racial discrimination at United Towing and Transport are involved in accidents without repercussion.

## CAUSES OF ACTION

### Count I
### Retaliatory Termination
### In Violation of Title VII and 42 U.S.C. § 1981

23.Plaintiff realleges and incorporates by reference the allegations set forth in paragraphs 4-5 and 10-22.

24.This is a claim against Defendant United Towing and Transport for the intentional and illegal retaliation against Plaintiff for engaging in activity protected by Title VII and 42 U.S.C. § 1981.

25.Plaintiff engaged in protected activity for the purposes of Title VII and Section 1981 on February 26, 2022 when he reported differences in treatment between white and black employees to supervisor John Thornton.

26.In retaliation for Plaintiff's protected activity, Defendant terminated Plaintiff under the pretext of causing two at-fault accidents, an adverse action that would dissuade a reasonable employee from making or supporting a charge of discrimination.

27.United Towing and Transport's unlawful retaliatory acts proximately caused Plaintiff severe emotional distress, mental anguish, embarrassment, shame, trauma, and financial loss.

28.Plaintiff seeks declaratory and injunctive relief, interest, nominal, compensatory and punitive damages for humiliation, embarrassment, and mental

anguish, costs, attorneys' fees, an award of back pay, front pay, and reinstatement, along with any other relief the trier of fact may assess, or the Court may order.

WHEREFORE, Plaintiff respectfully requests that this Court grant the relief sought through the above-stated Count.

### PLAINTIFF DEMANDS TRIAL BY STRUCK JURY

Respectfully submitted this the 21st day of March, 2023.

                    Brian Noble
                    ASB-9735-R39N
                    **Capstone Law LLC**
                    2119 3rd Ave. N, Suite 202
                    Birmingham, AL 35203
                    Direct: 205-578-1210
                    Brian.noble@caplawllc.com

**DEFENDANT TO BE HAND-SERVED AT:**
**ADNAN REGUIEG**
**4800 WHITESBURG DRIVE STE 30-272**
**HUNTSVILLE, AL 35802**